# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| BOBBY SCOTT, JR., | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-1934-KJD-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Bobby Scott, a Nevada prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (docket #1). The petitioner has presented the Court with a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. He also presents various motions including: a motion to voluntarily dismiss the petition, a motion to withdraw the motion to dismiss (dockets #4 and #5), a second motion to voluntarily dismiss (docket #7), a motion to show ineffective assistance of counsel (docket #9), a motion to add collateral estoppel to writ (docket #10), a motion that Exhaustion Requirement be excused (docket #11), a motion to present case law (docket #12) and a motion for appointment of counsel (docket #15).

The petitioner's application to proceed *in forma pauperis,* including the financial certificate, establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition.

It appears to the court that the grounds for relief in the second amended petition are currently unexhausted in state court. Petitioner's motion to voluntarily dismiss confirms this fact. Petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises.  To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).

A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).  If a single one of the claims in the petition is unexhausted, therefore, the court is obliged to dismiss the petition for lack of exhaustion.  After reviewing the petition in this case, it appears to the court that all of petitioner's claims may be unexhausted.  Because the petition does not appear to include any exhausted claims and because respondents have not yet answered the petition, the motion to voluntarily dismiss the petition shall be granted.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (docket #6) is **GRANTED**.   Petitioner shall not be required to pay a filing fee to file his habeas corpus petition.

**IT IS FURTHER ORDERED** that the second motion to voluntarily dismiss (docket #7) is **GRANTED.**  The petition is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the remaining motions (dockets #4, #5, # 9, #10, #11, #12, and #15) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED:  May 10, 2010.

_____
UNITED STATES DISTRICT JUDGE